UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rena M. Hymans, | Case No. 22-CV-2983 (JWB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Segal, | |
| Respondent. | |

Petitioner Rena Hymans has filed a petition for a writ of habeas corpus challenging how the Bureau of Prisons (BOP) has applied the First Step Act (FSA) to her sentence. [ECF No. 1]. The petition comes before the Court for initial review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

On August 2, 2021, Hymans was sentenced in the District of South Dakota to a term of imprisonment of 30 months for five felony convictions, with no term of supervision to follow. *United States v. Hymans*, 5:20-CR-50081-JLV (D.S.D.) [ECF No. 60]. At the time she filed this habeas petition, Smith was serving her sentence at FCI-Waseca. [ECF No. 1] In the petition, Hymans contends that she is currently scheduled for release on January 26, 2023, but she would be eligible for release on December 9, 2022, if the BOP properly accounted for all the credits against her sentence, including good conduct time, halfway house/home confinement time under the Second Chance Act, and credits under the First

---

[1] Hymans's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her petition. *See* Rule 1(b).

1

Step Act. *Id.* Hymans requests an order directing the BOP to release her to home confinement on December 9, 2022.

Hyman's petition implicates two, interrelated statutory schemes. The First Step Act of 2018 (FSA) allows federal prisoners to earn credit against their sentence for participating in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(A). The application of a prisoner's FSA credits towards her pre-release custody or supervised release is governed by 18 U.S.C. § 3624(g). *See* 18 U.S.C. § 3632(C). Pursuant to 18 U.S.C. § 3624(g), to be eligible to have FSA credits applied to a prisoner's sentence, among other things, the prisoner must have "earned time. . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Because Petitioner was not sentenced to any term of supervised release, she is only eligible to have her FSA credits applied to her pre-release custody so long as she maintains a minimum or low recidivism risk through her last two risk and needs assessments and the warden approves her petition to be transferred to pre-release custody. 28 C.F.R. § 523.44(c)(1)-(2). Home confinement and residential re-entry centers are the two types of pre-release custody. 18 U.S.C. § 3624(g)(2).

A habeas petitioner, however, may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Requesting release to pre-release custody is not challenging the fact or duration of confinement; rather, courts consider such a request a challenge to the prisoner's *place* of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see*

*also Williams v. Birkholz*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("Being transferred to home confinement is not a 'release' for [sic] incarceration."), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Thus, because Hymans is not challenging the legality of her detention—that is, the fact or duration of her confinement—in her petition, a writ of habeas corpus is not the correct remedy for the alleged violation of her rights.[2] *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 2935641, at *1 (D. Minn. July 13, 2021).

Further, as courts in this District have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c)(2), including their placement on home confinement. *See Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams*, 2021 WL 4155614, at *3 (quotation omitted). Accordingly, because Petitioner challenges the timing of her transfer to pre-release custody and not the fact or duration of her detention, habeas corpus is not the proper mechanism to request the remedy she seeks.

[Continued on next page.]

---

[2] It is worth noting, moreover, that "it is [] well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *United States v. James*, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Rena M. Hyman's request for habeas corpus relief under 28 U.S.C. § 2241 [ECF No. 1] be **DENIED**.


Dated: February  2 , 2023                    *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *Hymans v. Segal*
                                             Case No. 22-CV-2983 (JWB/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).